R. C. McKnight, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 10804. Promulgated October 10, 1928.

*D. Curtis Reed, Esq.*, and *Thad H. Brown, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

**OPINION.**

VAN FOSSAN: In the State of Ohio a husband and wife may enter into any contract which either might if unmarried. General Code of Ohio, section 7999. It is also fundamental that a partnership may be created by an oral agreement. The sole question with which we

are concerned is whether or not the petitioner, R. C. McKnight, his mother, Margaret McKnight, and his wife, Marie L. McKnight, actually formed a partnership which conducted a coal mining business and operated the White mine from about April, 1918, to January, 1921, and continued partnership transactions later in that year.

Chancellor Kent defined a partnership as follows:

A contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them in lawful commerce or business, and to divide the profit and bear the loss in certain proportions.

A further definition is contained in *Meehan* v. *Valentine*, 145 U. S. 611:

The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits.

In *M. A. Long*, 8 B. T. A. 737, we said:

Several of the well recognized tests of the existence of a partnership are sharing of profits and losses, mutual agency and community of interest.

The evidence in this case discloses that petitioner was engaged in a partnership venture in coal mining with one Sauer, which had proved unprofitable, and petitioner determined to terminate the relationship. This was accomplished by the payment to Sauer of $1,258.40 in cash and the assignment to him of all of McKnight's interest in the Dabney mine and the assignment to McKnight of all of Sauer's interest in the lease on the White mine. The situation was fully discussed by McKnight, his mother and his wife and it was agreed that a partnership should be formed. McKnight agreed to contribute his half interest in the partnership business of McKnight and Sauer and proposed to superintend the mining and production of coal at the White mine. The mother, Margaret McKnight, agreed to contribute the sum of $5,000 by canceling the loan previously made to her son which had been used to purchase the interest of M. C. Hobart and form the partnership of McKnight and Sauer, while petitioner's wife, Marie L. McKnight, agreed to contribute the sum of $300 and to manage the office of the business, including the taking of orders, checking mine reports, making up pay rolls, etc. Each of the three partners was to share equally in profits and losses. The three partners carried out their respective agreements and the partnership was formed .

During 1918 and 1919 no profits were made and only a small amount was withdrawn from the partnership for living expenses, all three partners living together under the same roof. During this time Margaret McKnight borrowed $3,000 additional by mortgaging her home to purchase additional equipment. In 1920 and 1921, how-

ever, the profits were large and in so far as any distributions were made such distributions were in equal proportions to the three partners, and the surplus was used for the benefit of the partners jointly in attempts to make money in the stock market.

The partnership relation existing between the three persons above mentioned was a matter of general knowledge in the community. Various witnesses testified that at the time of the formation of the partnership and on other occasions the three partners had represented to them that such a partnership existed and was conducting its business under the name of the Pomeroy Mining Co. These representations were made long prior to the time when, for tax purposes, an advantage might have accrued to the partners by reason of the filing of a partnership return rather than individual returns.

The evidence is uncontradicted and convincing that a partnership consisting of petitioner, his wife and his mother was formed on or about April 15, 1918, and continued during the years 1920 and 1921. The action of the respondent in determining the deficiencies in this case is disapproved. *H. J. Bartron*, 3 B. T. A. 1262; *Thomas F. Kelley*, 9 B. T. A. 834.

*Judgment will be entered under Rule 50.*